106 F.3d 421
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carlos E. WARD, Sr., Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7004.
 United States Court of Appeals, Federal Circuit.
 March 25, 1996.
 
 8 Vet.App. 145.
 APPEAL DISMISSED.
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Carlos E. Ward, Sr.'s appeal for lack of jurisdiction. We treat the Secretary's motion as a motion for leave to file an overly long motion. Ward has not responded.
 
 
 2
 In 1990, Ward reopened his claims for entitlement to service connection for residuals of facial lacerations, tinnitus of the right ear, and residuals of a concussion. The Board of Veterans Appeals denied his claims, finding that none of these conditions were incurred in or aggravated by military service. The Court of Veterans Appeals affirmed the Board's decision with respect to the denial of service connection for residuals of facial lacerations and residuals of a concussion. The court vacated the Board's decision with respect to the denial of service connection for tinnitus and remanded that claim for readjudication. Ward appealed to this court.
 
 
 3
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet these criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 4
 In his brief, Ward argues that the Secretary failed to assist him in developing facts pertinent to his claim and that the Board of Veterans Appeals did not consider certain evidence in making its determinations. Ward also contends that the Court of Veterans Appeals deprived him of a "constitutional right" to receive compensation for disability incident to military service. Although Ward frames his argument in "constitutional" terms, Ward essentially seeks review of factual findings and the application of the law to the facts of his case. As this court has no jurisdiction to conduct such an inquiry, Ward's appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for leave to file an overly long motion is granted.
 
 
 7
 (2) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 8
 (3) The Secretary's motion to dismiss is granted.
 
 
 9
 (4) Each side shall bear its own costs.